**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30021 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00024-JLR-1 |
| v. | |
| JAMES J. HENDRIX, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted March 4, 2021
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,[**] Senior District Judge.

Appellant James J. Hendrix (Hendrix) appeals the district court's order

denying his motion to dismiss a superseding indictment charging him with felon in

possession of a firearm, possession of methamphetamine with intent to distribute,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

possession of methamphetamine and heroin with intent to distribute, and possession of firearms in furtherance of a drug trafficking offense. The jury convicted Hendrix of two lesser-included charges of possession of a controlled substance, but was unable to reach a unanimous verdict on the remaining charges.[1] Hendrix contends that the district court erred in holding that the government was not barred by the Double Jeopardy Clause of the Fifth Amendment from retrying Hendrix on the greater offenses of possession of methamphetamine and heroin with intent to distribute.

The district court sufficiently determined that the jury was deadlocked, and that manifest necessity warranted a mistrial. "In determining whether to declare a mistrial because of jury deadlock, relevant factors for the district court to consider include the jury's collective opinion that it cannot agree, the length of the trial and complexity of the issues, the length of time the jury has deliberated, whether the defendant has objected to a mistrial, and the effects of exhaustion or coercion on the jury. The most critical factor is the jury's own statement that it [was] unable to reach a verdict." *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th

---

[1] Hendrix acknowledges that the felon in possession of a firearm counts were bifurcated at trial, and are not at issue in the present appeal.

Cir. 2000) (citations and internal quotation marks omitted).[2]  In its order denying

Hendrix's motion to dismiss the indictment, the district court properly held that a

mistrial was warranted because:  (1) the trial was "modestly complex"; (2) the jury

was deadlocked after only four hours of deliberation; (3) the jury remained

deadlocked approximately five hours after receiving an *Allen*[3] charge; (4) "after

roughly eight and a half hours of deliberations[,] one juror advised court staff in

front of the rest of the jury that she was being insulted for her views, and she

wanted it to stop"; (5) the jury "reached a partial verdict and confirmed with the

court that they were deadlocked less than a half hour later"; and (6) neither counsel

objected to the declaration of a mistrial.  Under these circumstances, the district

court did not abuse its discretion in declaring a mistrial based on the jury's

inability to reach a unanimous verdict.  *See Harrison v. Gillespie*, 640 F.3d 888,

901 (9th Cir. 2011) (en banc), *as amended* (articulating that "[u]ndisputably, a

retrial following a hung jury does not violate the Double Jeopardy Clause, and a

[2]  Hendrix places great emphasis on our statement in *Hernandez-Guardado* that "the district court must question the jury to determine independently whether further deliberations might overcome the deadlock." *Hernandez-Guardado*, 228 F.3d at 1029 (citation omitted).  Although the district court did not use the exact language articulated in *Hernandez-Guardado* or the "suggested script" in Ninth Circuit Model Criminal Jury Instruction 7.8, the district court thoroughly considered the applicable factors in determining that manifest necessity warranted a mistrial in light of the jury's acknowledgment that it was deadlocked.

[3]  *Allen v. United States*, 164 U.S. 492 (1896).

trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial") (citations and internal quotation marks omitted).

The jury did not impliedly acquit Hendrix of the greater offenses of possession of methamphetamine and heroin with intent to distribute. "An implied acquittal occurs when a jury returns a guilty verdict as to a lesser included or lesser alternate charge, but remains silent as to other charges, *without announcing any signs of hopeless deadlock.*" *United States v. Jefferson*, 566 F.3d 928, 935 (9th Cir. 2009) (citation omitted) (emphasis added). After the jury indicated that it was struggling to reach a unanimous verdict, the district court instructed the jury to "complete the portions of the verdict form that [it was] able to reach unanimous agreement on and do nothing in regards to the ones that [it could not] reach unanimous agreement on." The jury subsequently conveyed that it "reached a verdict on two charges," and completed the verdict form in accordance with the district court's instructions. As a result, the jury did not impliedly acquit Hendrix of the greater offenses of possession of methamphetamine and heroin with intent to distribute. *See id.*

Contrary to Hendrix's assertions, the district court declared a mistrial on the greater offenses charged in counts three and six of the superseding indictment. Hendrix did not object during the proceedings to the manner in which the district

4

court declared a mistrial, and the district court accepted the jury's verdicts concerning the lesser-included offenses of possession of controlled substances. The district court explained that it was unable to declare a mistrial on counts three and six in the same manner that it did with respect to the other counts because "that would have invalidated the jury's unanimous verdict on the lesser included offenses."

**AFFIRMED.**